UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIYEON YI,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-04788 ADS<br><br>ORDER DENYING PETITION |

## I. **INTRODUCTION**

Petitioner Jiyeon Yi filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed a Response to the Petition. (Dkt. No. 8.) Petitioner filed a Motion to Stay Proceedings. (Dkt. No. 9.) Petitioner and Respondents filed supplemental briefing. (Dkt. Nos. 13, 14.) For the reasons discussed below, the Petition is denied.

## II. FACTUAL BACKGROUND

According to the Petition, Petitioner was born in North Korea and is a citizen of South Korea. (Dkt. No. 1 at 2.) Petitioner alleges she entered the United States on a visitor visa on August 3, 2025. (Id.) Petitioner alleges she is single and has no children. (Id.) Petitioner further alleges she has no criminal record. (Id.) Petitioner alleges she lived openly in the United States since her arrival and applied for asylum within the required period. (Dkt. No. 1 at 14.)

Petitioner alleges she was detained by immigration officials on August 19, 2026 when appearing for a required biometrics appointment for her asylum application. (Id.) Petitioner further alleges that she was not provided notice or a hearing prior to this detention. (Id. at 15.) Petitioner remains in immigration detention. (Id.)

On September 4, 2026, after the Petition was filed, Petitioner received a bond hearing before an immigration judge ("IJ"). (Dkt. No. 13-1.) The IJ denied bond based on a finding that Petitioner is a flight risk. (Id.) Petitioner reserved her right to appeal the IJ's order. (Id.)

## III. SUMMARY OF BRIEFING

Petitioner seeks habeas relief from immigration detention. Petitioner contends that the Petition is not moot, despite the fact that she has now received a bond hearing. (Dkt. No. 14.) Specifically, Petitioner alleges that a live controversy remains because the following ground continues to entitle her to relief: a warrantless arrest in violation of applicable statutes and regulations. (Dkt. No. 14 at 2-9.) Petitioner contends that she is entitled to the relief requested in the Petition, which includes immediate release from immigration custody, an injunction preventing her re-detention without adequate due process, or in the alternative, a bond hearing where the government bears the burden of

proof by clear and convincing evidence. (Dkt. No. 14 at 12; Dkt. No. 1 at 71-73.) Petitioner also requests declaratory relief. (Dkt. No. 1 at 71-72.)

Respondents filed a Response after Petitioner received a bond hearing. (Dkt. No. 13.) Respondents contend that the Petition is now moot because Petitioner has received the relief requested. (Dkt. No. 13 at 2.) Respondents do not address Petitioner's warrantless arrest claim. (Dkt. No. 8; Dkt. No. 13.)

## IV. DISCUSSION: WARRANTLESS ARREST

Petitioner contends that she was illegally detained in violation of applicable statutes and regulations because of a warrantless arrest.[1] (Dkt. No. 14 at 2-9.) The Ninth Circuit has repeatedly held that "defects in an arrest are not cognizable in habeas corpus." Streeter v. Craven, 418 F.2d 273, 274 (9th Cir. 1969) (holding that a defective arrest does not warrant habeas corpus relief from a state conviction); see also Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). As long as sufficient ground for present detention is shown, a petitioner should not ordinarily be released for defects in the original arrest. See United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody. . ."); see also Mendez v. Warden, No. 5:26-

[1] While Respondents have failed to address this claim, Petitioner is not entitled to relief solely because of Respondents' failure to address every claim. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.") (citations omitted).

CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026) (holding an improper arrest did not justify a noncitizen's release because the noncitizen's present detention was authorized by 8 U.S.C. § 1226(a)).

For habeas purposes, it is "immaterial" whether a noncitizen is taken into immigration custody prior to the issuance of an arrest warrant. Sormunen v. Nagle, 59 F.2d 398 (9th Cir. 1932) (holding a warrantless arrest does not entitle a noncitizen to habeas relief). This is because the "body" of an immigration detainee is "never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest. . .occurred." I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) (citations omitted). An ample number of district courts have concluded the same in the context of modern immigration detention statutes. See Cai v. Venturella, No. 5:26-CV-05666-AB (JDE), 2026 WL 3438481, at *2 (C.D. Cal. Nov. 10, 2026) (holding a warrantless arrest did not entitle a noncitizen to habeas relief); see Luna v. U.S. Immigr. & Customs Enf't, No. 5:26-CV-04366-SB-CTS, 2026 WL 2878722, at *1 (C.D. Cal. Sept. 22, 2026) (same); see also Hernandez v. Facility Adm'r, No. EDCV 26-3988-DMG (AS), 2026 WL 2525600, at *3 (C.D. Cal. Aug. 26, 2026) (same).

Petitioner alleges that she was unlawfully detained by immigration authorities without a warrant. (Dkt. No. 14 at 3-4.) However, an unlawful warrantless arrest is not a basis for release through a writ of habeas corpus if there is a legal basis for the present detention. Sormunen, 59 F.2d 398. Petitioner's present detention is authorized under 8 U.S.C. § 1226(a) because she is a noncitizen who entered on a temporary visa and is in a pending removal proceeding. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026) (explaining that admitted noncitizens who overstay or violate the terms of their visas are subject to discretionary detention under 8 U.S.C. § 1226(a)). Petitioner

herself acknowledges that 8 U.S.C. § 1226(a) is the governing statute authorizing her detention. (Dkt. No. 14 at 3-4.) Accordingly, the circumstances of Petitioner's arrest alone do not support habeas relief in this instance given that Petitioner's detention is authorized under 8 U.S.C. § 1226(a).[2] See Medina v. Warden, No. 5:26-CV-05034-PA-SK, 2026 WL 2660007, at *1 n.1 (C.D. Cal. Sept. 8, 2026) ("Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under § 2241.") (citing Wolck v. Weedin, 58 F.2d 928, 930 (9th Cir. 1932)); see Cai, 2026 WL 3438481, at *2 (same). This ground is denied.

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1) The Petition is denied;

2) The Motion to Stay Proceedings (Dkt. No. 9) is denied as moot[3]; and

3) Judgment shall be entered accordingly.

Dated: November 23, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

---

[2] As the Court in Mendez emphasized, this "is not to imply that an unlawful arrest is acceptable or condoned—it is only to recognize that release on habeas corpus is not ordinarily the correct remedy for such a defect." 2026 WL 2449572, at *3 n.2 (citations omitted). An improper arrest may entitle Petitioner to remedies in removal proceedings, among other kinds of remedies. See id. (listing potential remedies resulting from an unlawful arrest).

[3] Petitioner filed a motion to stay proceedings pending resolution of the IJ's bond hearing. (Dkt. No. 9.) As Petitioner acknowledges, this motion is moot because the IJ completed the bond hearing and concluded Petitioner was a flight risk. (Dkt. No. 14 at 2.)